**Leo E. HEYMANN, Plaintiff-Appellant,**

v.

**SEARS, ROEBUCK & COMPANY,
Defendant-Appellee.**

**No. 26771
Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Aug. 5, 1969.

v. Pan American Life Insurance Co., 5 Cir., 1967, 375 F.2d 992, cert denied, 389 U.S. 827, 88 S.Ct. 74, 19 L.Ed.2d 82, answered this question in the negative.

This holding was expressly approved by the Supreme Court in Snyder v. Harris, 1969, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319. The question has clearly been decided against Appellants in this case, and the judgment must therefore be affirmed.

Affirmed.

---

Leo E. Heymann, pro se, Alcide J. Weysham, New Orleans, La., for appellant.

Clarence Favret, Favret & Favret, Herman L. Barnett, Guste, Barnett & Little, Harry McCall, Jr., Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

The sole issue presented by this appeal is whether amended F.R.Civ.P. 23 permits aggregation of separate and distinct claims in a class action to provide the $10,000 jurisdictional amount in controversy.[1]   Judge Bell, in Alvarez

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing.   See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.